EDWARD C. HODGES, plaintiff in error, *vs.* ATLANTIC AND GULF RAILROAD COMPANY, defendant in error.

Under a proper construction of sections 3049, 3369 and 3406 of the Code, when considered together, an action cannot be brought in the superior court against a railroad company by merely serving the written notice and filing the same in the clerk's office without other pleadings.

Railroads.   Pleadings.   Before Judge HARRIS.   Clinch Superior Court.   October Term, 1873.

Hodges commenced suit against the Atlantic and Gulf Railroad Company by serving upon its agent at station No. 11, in Clinch county, a notice to the effect that on July 5th, 1873, the defendant had damaged him by killing one of his oxen, and by severely injuring another; that this damage was caused by the running of cars on its road; that desiring a legal assessment of the damages sustained by him, which he alleges to be $100 00, he requires the defendant to be and appear at the superior court to be held on the first Monday in October next, to show cause, if any exist, why the damage shall not be assessed. No process was attached to this paper. A copy was served upon the agent heretofore mentioned.

On demurrer, the proceeding was dismissed, and plaintiff excepted.

J. L. SWEAT, for plaintiff in error.

No appearance for defendant.

TRIPPE, Judge.

It is true, that in *Jones vs. The Central Railroad and Banking Company*, 18 *Georgia*, 247, it seems to have been the opinion of a majority of the court that under the act of 20th February, 1854, suit against a railroad company must have been brought in the form prescribed by that act. That decision was made before the passage of the act of 1856. This last mentioned act gave all the rights as to suing railroads in the county where the damage was done that were given by the act of 1854, and further gave the right and prescribed how service might be effected in the usual way by issuing process and requiring service by the sheriff. Then there were the further acts of 1859 and 1869, 1862 and 1863. Under all these enactments, as now embodied in sections 3049, 3369 and 3406 of the Code, it was held, in the *Georgia Railroad and Banking Company vs. Monroe*, 49 *Georgia Reports*, 373, that this notice was not a condition precedent to a suit in the superior courts against a railroad, no matter where the suit is brought. As by these last two sections an unconditional right is given to bring the action in the county where the cause of action originated or the injury occurred, and as it is therein provided how service may be perfected, we think the proper construction to be given them is that the notice mentioned in the act of 1854, section 3049, Code, is not only dispensed with, but that the action in the superior court, at least, should be commenced in the usual form by petition and process, and that said notice, without any further pleadings, is not sufficient. Such a mode of procedure as this construction requires is more consistent with our form of practice and the general policy of the law as regards actions.

If a case occurs, as referred to in 18 *Georgia, supra*, page 255, where there is no agent of the road in the county, then, if the petition so state, the process may be directed to the proper officer of the county wherein the nearest agent has his

office, and served on him as contemplated in section 3049. There is nothing contrary to law in this: See *Dunn et al. vs. Dyson,* 22 *Georgia,* 572; *Dickinson vs. Allison, Ibid.,* 557. The right to perfect service in this way is given by section 3049, as we construe it in connection with the other two sections referred to.

In the *Macon and Western Railroad vs. Baber,* 42 *Georgia,* 300, both the notice and a regular petition and process were served, as will appear from the record in the case, though it is not so distinctly stated in the report. No point was made in that case as to the necessity for such notice. The question made and passed upon was merely as to the sufficiency of the proof of service of the notice. It was held that it was proved. In 28 *Georgia,* 317, it does not appear that there was any notice except by ordinary petition, process and service by the sheriff.

The construction we here give to the Code on this subject merely requires in such cases the same official notice to be given of suits in the superior courts against railroads which is given to all other parties. We sustain the judgment of the court in dismissing the case, but upon a different ground than the one on which the judgment was put.

Judgment affirmed.